L. CARLOS DAVIS, GUARDIAN OF ALMIRA PIERCE, v. THE TOWN OF PLYMOUTH.

*Competency of Witness.*

On a petition of the guardian of a woman for a decree of nullity of a marriage between her and one P., deceased, on the ground that her consent to the marriage was obtained by force and fraud, it was *held*, that she was not a competent witness.

PETITION FOR A DECREE OF NULLITY of a marriage between the said Almira and one George W. Pierce, deceased, celebrated before Rufus A. Earl, a justice of the peace, on the 30th of August, 1866. The petition was based on the ground that the consent of the said Almira to said marriage, was obtained by the fraud of the said Earl and of one Merrick Butler, and others to the petitioner unknown, for the fraudulent purpose of thereby changing her legal settlement from the town of Plymouth to the town of Reading. The allegations of the petition are sufficiently stated in the opinion.

The petitioner introduced testimony tending to show that the said Almira had always been a feeble-minded person, easily influenced, and not capable of taking care of herself, or of making

contracts ; that on the morning of the alleged marriage, she was decoyed into the house of the said Butler, in Plymouth, who was very officious in the matter of said marriage, and therein forcibly detained against her will, and against the will of her mother and natural guardian. The petitioner then offered to prove by the said Almira, that she was detained at said Butler's as aforesaid, against her will, by threats, fraud, and force, until a justice could be procured, and while the justice was there ; that she never at any time consented to any marriage with the said Pierce, and that no marriage in fact ever took place between them, and that the marriage certificate set forth in the petition, and which was read on the trial, was false in fact, so far as any consent on her part to the alleged marriage was concerned. The petitionee objected to the competency of the said Almira as a witness, and the court, at the May term, 1872, BARRETT, J., presiding, excluded her ; to which the petitioner excepted. There was then testimony introduced tending to contradict some of the above testimony. The court dismissed the petition.

*Gilbert A. Davis*, for the petitioner, maintained that the said Almira was not a party to this suit, and had no interest therein, and was, therefore, a competent witness ; because, although there might have been a maariage in fact, the said Pierce being dead, she was competent to testify to what was within her own knowledge, unless the disclosure would betray matt'rs' of confidence between them ; and cited *Smith* v. *Potter*, 27 Vt. 308.

*J. Converse*, for the petitionee, maintained that the said Almira was not a competent witness, and cited *Wiser et ux.* v. *Lockwood's Estate*, 42 Vt. 720 ; that, however forcible or fraudulent the marriage might have been, the subsequent cohabitation of the parties rendered it indissoluble for that cause ; and that in no case can such proceedings be sustained after the death of one of the parties, and cited *Pingree, Adm'r*, v. *Goodrich*, 41 Vt. 47.

The opinion of the court was delivered by

PECK, J. This is a petition of Almira Pierce, by her guardian, to the county court, to annul the marriage between her and George

W. Pierce, celebrated in 1866, alleging that said George W. Pierce is deceased, and praying that the town of Plymouth be made a party to the suit or proceeding. The petition sets forth that some of the forms of legal marriage ceremony were gone through with between the parties to the marriage, in the presence of Rufus A. Earl, a duly qualified and acting justice of the peace, who has caused a certificate of marriage of the parties to be recorded in the town clerk's office ; setting forth the certificate in the petition, which is in due form, evidencing a valid marriage. The alleged ground for annulling the marriage is, " that such pretended marriage was and is not binding in law upon said Almira, for the reason that the nominal consent of said Almira thereto, was obtained by the fraud of the said Earl, of one Merrick Butler, and of divers other persons unknown to the petitioner at present, with a fraudulent purpose of thereby changing the legal settlement of the said Almira from the said town of Plymouth to the said town of Reading ;" alleging that at that time George W. Pierce had a legal settlement in Reading, and the said Almira's legal settlement was then in Plymouth, and that since the death of George W. Pierce, Plymouth, in 1870, procured an order of removal of said Almira as a pauper, from Plymouth to Reading, from which order Reading has appealed ; that the appeal is pending, and that the determination of it depends on the legal and binding character of that pretended marriage. The case made by the petition is not a case of a marriage null and void without any decree or sentence declaring it so, but is a case under §11, ch. 70, Gen. Stat., and under that part of that section which authorizes the court, by sentence of nullity, to declare void a marriage on the ground that the consent of one of the parties was obtained by fraud. It is the case of a marriage in fact not void, but voidable, and remains good until by some sentence or decree of court it is annulled or declared void. The proof introduced to show the alleged marriage, that is, the marriage certificate of the tenor set out in the petition, showed, *prima facia*, a valid, legal marriage ; and it then remained for the petitioner to prove it invalid or voidable for the cause alleged ; that is, that the consent of the *feme* petitioner, to the marriage, was obtained by fraud. To establish this, the case

shows that the petitioner introduced evidence tending to show that Almira ever has been a feeble-minded person, easily influenced, and not capable of taking care of herself, or of making contracts ; that on the morning of the alleged marriage, she was decoyed into the house of one Merrick Butler, in Plymouth, who was very officious in the matter of the marriage, and that said Almira was therein forcibly detained against her will, and against the will of her mother and natural guardian. At this point in the trial, the wife of said George (who must be regarded as such till the marriage is annulled) was offered as a witness on the part of the petitioner, to invalidate the marriage by proving, in substance, what the evidence already introduced on that point, as already stated, tended to prove, and also (in the language of the exceptions), " that she never consented to any marriage to the said George W. Pierce at any time, and that no such marriage in fact ever took place, and that the certificate of the justice set forth in said petition, and which was read on the trial, was false in fact, so far as any consent on her part to the alleged marriage " was concerned. It has always been held in this state, that upon petitions for divorce and for annulling marriages, the parties are not competent witnesses ; and it makes no difference in this respect, that the husband is dead, if such is the fact, as alleged in the petition. Therefore, unless there is something to distinguish this from ordinary cases of petitions for annulling a marriage for the cause alleged in this petition, the ruling of the court was correct in excluding the female petitioner as a witness. This petition is but a petition of the wife, although prosecuted by her guardian in her behalf. Section 11 of the statute by virtue of which the petition is brought, providing that " a marriage may be annulled on the ground that the consent of one of the parties was obtained by force or fraud, during the life of the parties, or one of them, on the application of the party whose consent was so obtained, or of the parent or guardian of such party, or of some relative interested to contest the validity of the marriage," gives no right to the guardian which the ward would not have if she had no guardian, and the petition were in her own name. Indeed, in strictness, this petition should have been in form in the name of

said Almira, by Davis, her guardian. The guardian simply represents her rights and interests. The allegation that the intent of those procuring the marriage was to change her settlement from Plymouth to Reading, is of no importance except to show a motive for the alleged fraud in procuring her consent to the marriage. The particular motive is not material; but proof of some motive might be a circumstance as evidence in aid of the proof of the fraud alleged. The petition is not brought in behalf of the town of Reading. The guardian is not, in this proceeding, the guardian of the town, but of Almira Pierce. Whatever collateral interest the town may have in the result, cannot affect the mode of proceeding under this petition, or give any additional right to the petitioner, Almira Pierce, to testify.

Judgment affirmed.